IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>WILLIAM BERNARD BIRD,<br><br>　　　　　　　　　Defendant. | CR-20-31-GF-BMM<br><br>**ORDER** |

## INTRODUCTION

The Defendant, William Bernard Bird, is charged by Indictment with one count of Failure to Register/Update Registration as a Sexual Offender, in violation of 18 U.S.C. § 2250(a). Bird moves to dismiss the Indictment (Doc. 24), and argues that the Sexual Offender Registration and Notification Act ("SORNA"), 18 U.S.C. § 2250, should not apply to an individual who was adjudicated delinquent under the Federal Juvenile Delinquency Act ("FJDA"), 18 U.S.C. §§ 5031-5042.

## DISCUSSION

Congress extended SORNA to a specific subset of juveniles adjudicated under the FJDA—those who are "14 years of age or older at the time of the offense and the offense adjudicated was comparable to or more severe than aggravated

sexual abuse" as defined in 18 U.S.C. § 2241. *See* 34 U.S.C. § 20911(8). Bird argues that 34 U.S.C. § 20911(8) is unconstitutional because "the full panoply of constitutional protections are unavailable [to juveniles] under the FDJA," including the right to a jury trial. (Doc. 25 at 2.) Bird contends that the Government cannot prosecute him for failure to register because to do so would violate the constitutional rule of *Apprendi* as interpreted by the Ninth Circuit in *Tighe*.

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held a federal sentencing statute unconstitutional because the terms of the statute "remove[d] from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed." The Court ruled that the Fourteenth Amendment right to due process and the Sixth Amendment right to a trial by jury together entitle a defendant to have "any fact that increases the penalty for a crime beyond the prescribed statutory maximum . . . be submitted to a jury and proved beyond a reasonable doubt." *Id.* The *Apprendi* Court excepted facts of a prior conviction from its general rule. *Id.*

The Ninth Circuit interpreted the *Apprendi* rule in *United States v. Tighe*, 266 F.3d 1187 (9th Cir. 2001), and held that a juvenile adjudication does not fall within the "prior conviction" exception to *Apprendi* because a juvenile adjudication does not afford the right to a jury trial. *Tighe*, 266 F.3d at 1194-95. Bird asserts that because under *Tighe* a juvenile adjudication does not qualify as a

"prior conviction" for purposes of *Apprendi*, the Sixth Amendment prohibits Congress from including juvenile offenders in SORNA's registration requirements.

The Ninth Circuit addressed numerous constitutional challenges to SORNA's juvenile registration requirement in *United States v. Juvenile Male*, 670 F.3d 999 (9th Cir. 2012). These challenges included substantive and procedural due process arguments, Equal Protection Clause arguments, and Fourth, Fifth, and Eighth Amendment arguments. *Id.* The Ninth Circuit rejected each constitutional challenge and upheld SORNA's juvenile registration requirement. *Id.*

*Juvenile Male* proves dispositive in Bird's present constitutional challenge. The Ninth Circuit specifically addressed Bird's argument that the lack of availability of a jury trial in juvenile adjudications rendered the registration requirement unconstitutional. In *Juvenile Male*, the defendant framed the jury requirement argument as a procedural due process claim. The Ninth Circuit, rejecting the procedural due process argument, held that "the purpose of due process is to protect juvenile sex offenders from unjust registry, but any juvenile required to register under SORNA was protected at their adjudication by the 'fundamental fairness' standard." *Juvenile Male*, 670 F.3d at 1014 (citing *McKeiver v. Pennsylvania*, 403 U.S. 528, 543 (1971)).

The Sixth Amendment's right to trial by an impartial jury applies in the instant case because a jury must find beyond a reasonable doubt that Bird falls

within the status of offenders that are required to register under the Act. The jury's charge in this issue does not raise *Apprendi* concerns. Congress, under its legislative authority, included a certain subset of juvenile adjudications in its registration requirements under SORNA. A rational connection exists between the government's legitimate interest in protecting the community and its requirement for a narrow category of juvenile delinquents to disclose their juvenile crimes by registering as a sex offender under SORNA. *Juvenile Male*, 670 F.3d at 1008.

Bird qualifies for SORNA's registration requirement because he meets the applicability conditions of 34 U.S.C. § 20911(8). Bird was 15 years old at the time of the underlying offense, and was adjudged a delinquent after trial for conduct that—if Bird had been an adult—would have been charged as aggravated sexual abuse under 18 U.S.C. § 2241(a)(1). This adjudication imposed on Bird a duty to register and having failed to register subjects him to potential criminal penalties under 18 U.S.C. § 2250.

## ORDER

Accordingly, **IT IS ORDERED** that the Motion to Dismiss the Indictment (Doc. 24) is **DENIED**.

Dated this 22nd day of October, 2020.

_____
Brian Morris, Chief District Judge
United States District Court