IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM BERNARD BIRD,<br><br>Defendant. | CR 20-31-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant William Bernard Bird (Bird) has been accused of violating the conditions of his supervised release. Bird admitted alleged violations 1, 2 and 4, and the first paragraph in alleged violation 3. The Court dismissed alleged violation 5 on the government's motion. Bird's supervised release should be revoked. Bird should be placed in custody for 4 months, with 52 months of supervised release to follow. Bird should serve the first 180 days of supervised release at a residential re-entry center as directed by his probation officer.

## II. Status

Bird pleaded guilty to Failing to Register as a Sex Offender on February 2, 2021. (Doc. 63). The Court sentenced Bird to 2 months of custody,

followed by 5 years of supervised release. (Doc. 63). Bird's current term of supervised release began on March 29, 2022. (Doc. 86 at 1).

**Petition**

The United States Probation Office filed a Petition on May 17, 2022, requesting that the Court revoke Bird's supervised release. (Doc. 86). The Petition alleged that Bird had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to report to his probation officer as directed; 3) by consuming alcohol; 4) by failing to report for substance abuse testing; and 5) by committing another crime.

**Initial appearance**

Bird appeared before the undersigned for his initial appearance on June 28, 2022. Bird was represented by counsel. Bird stated that he had read the petition and that he understood the allegations. Bird waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 28, 2022. Bird admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by failing to report to his probation officer as directed; 3) by

consuming alcohol; and 4) by failing to report for substance abuse testing. The Court dismissed alleged violation 5 on the government's motion. The violations that Bird admitted are serious and warrant revocation of Bird's supervised release.

Bird's violations are Grade C violations. Bird's criminal history category is I. Bird's underlying offense is a Class C felony. Bird could be incarcerated for up to 24 months. Bird could be ordered to remain on supervised release for up to 56 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Bird's supervised release should be revoked. Bird should be incarcerated for 4 months, with 52 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Bird should serve the first 180 days of supervised release at a residential re-entry center as directed by his probation officer.

### IV. Conclusion

The Court informed Bird that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Bird of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Bird that Judge Morris would consider a timely

3

objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

>That William Bernard Bird violated the conditions of his supervised release: by using methamphetamine; by failing to report to his probation officer as directed; by consuming alcohol; and by failing to report for substance abuse testing.

The Court **RECOMMENDS:**

>That the District Court revoke Bird's supervised release and commit Bird to the custody of the United States Bureau of Prisons for 4 months, with 52 months of supervised release to follow. Bird should serve the first 180 days of supervised release at a residential re-entry center as directed by his probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 29th day of June, 2022.

John Johnston
United States Magistrate Judge