# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 20-31-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| WILLIAM BERNARD BIRD, | |
| Defendant. | |

## I.  Synopsis

Defendant William Bernard Bird (Bird) has been accused of violating the conditions of his supervised release. Bird admitted alleged violations 1, 2, 3, 4, 5 and 7. Bird denied alleged violation 6. The Court dismissed alleged violation 6 on the government's motion. Bird's supervised release should be revoked. Bird should be placed in custody for 3 months, with no supervised release to follow.

## II.  Status

Bird pleaded guilty to Failing to Register as a Sex Offender on February 2, 2021. (Doc. 63). The Court sentenced Bird to 2 months of custody, followed by 5 years of supervised release. (Doc. 63). Bird's current term of supervised release began on October 21, 2022. (Doc. 98 at 1).

**Petition**

The United States Probation Office filed a Petition on July 13, 2023, requesting that the Court revoke Bird's supervised release. (Doc. 98). The Petition alleged that Bird had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by using cocaine; 3) by failing to notify his probation officer of a change in his employment status; 4) by failing to notify his probation officer of a contact with law enforcement; 5) by failing to reside at the residence approved by his probation officer; 6) by knowingly associating with a convicted felon; and 7) by failing to report for substance abuse testing.

**Initial appearance**

Bird appeared before the undersigned for his initial appearance on July 27, 2023. Bird was represented by counsel. Bird stated that he had read the petition and that he understood the allegations. Bird waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on July 27, 2023. Bird admitted that he had violated the conditions of his supervised release: 1) by consuming alcohol; 2) by using cocaine; 3) by failing to notify his probation officer of a

2

change in his employment status; 4) by failing to notify his probation officer of a contact with law enforcement; 5) by failing to reside at the residence approved by his probation officer; and 6) by failing to report for substance abuse testing. The violations that Bird admitted are serious and warrant revocation of Bird's supervised release.

Bird's violations are Grade C violations. Bird's criminal history category is I. Bird's underlying offense is a Class C felony. Bird could be incarcerated for up to 24 months. Bird could be ordered to remain on supervised release for up to 52 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.  Analysis

Bird's supervised release should be revoked. Bird should be incarcerated for 3 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Bird that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Bird of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Bird that Judge Morris would consider a timely

3

objection before making a final determination on whether to revoke his supervised

release and what, if any, sanction to impose.  Bird stated that he wished to waive

his right to object to these Findings and Recommendations, and that he wished to

waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That William Bernard Bird violated the conditions of his supervised release:
> by consuming alcohol; by using cocaine; by failing to notify his probation
> officer of a change in his employment status; by failing to notify his
> probation officer of a contact with law enforcement; by failing to reside at
> the residence approved by his probation officer; and by failing to report for
> substance abuse testing.

The Court **RECOMMENDS:**

> That the District Court revoke Bird's supervised release
> and commit Bird to the custody of the United States Bureau of
> Prisons for 3 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district

court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 31st day of July, 2023.

John Johnston
United States Magistrate Judge